UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICKEY ALONZO BRYANT,

        Plaintiff,

v.

KING COUNTY CORRECTIONAL FACILITY,

        Defendant.

CASE NO. C17-1153-JLR-MAT

ORDER DECLINING TO SERVE AND GRANTING LEAVE TO AMEND

Plaintiff, proceeding pro se and *in forma pauperis*, submitted a proposed 42 U.S.C. § 1983 civil rights complaint. (Dkt. 1.) Plaintiff is currently incarcerated at Washington State Penitentiary. He alleges he was denied medication for two months while housed at King County Correctional Facility (KCCF) and names KCCF as the defendant in this lawsuit.

In order to sustain a § 1983 claim, plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Plaintiff must provide more than conclusory allegations; he must set forth specific, plausible facts to support

ORDER
PAGE - 1

his claims. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-83 (2009).

Having reviewed the proposed complaint, the Court notes the following deficiencies:

(1) KCCF is an entity of King County and is not a proper defendant in this action. *See Nolan v. Snohomish County*, 59 Wn. App. 876, 883, 802 P.2d 792 (1990) ("[I]n a legal action involving a county, the county itself is the only legal entity capable of suing and being sued.")[1] Plaintiff, as such, fails to identify a defendant subject to suit.

Plaintiff is advised that, to name an individual defendant, he must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). Supervisory personnel may not be held liable for actions of subordinates under a theory of vicarious liability. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is 'a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Snow v. McDaniel*, 681 F.3d 978, 989 (9th Cir. 2012) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076, 1083 (9th Cir. 2014).

A defendant must be clearly identified in the caption of the complaint and as a party to the complaint, and the statement of the claim must include facts setting forth how each defendant violated plaintiff's constitutional rights. This matter may proceed only if plaintiff identifies a defendant subject to suit and sets forth facts supporting the statement of a claim against that

---

[1] A municipality or local government unit, like King County, can be sued as a "person" under § 1983. *Monell v. Department of Social Servs.*, 436 U.S. 658, 691-94 (1978); *Miranda v. Clark County, Nev.*, 319 F.3d 465, 469 (9th Cir. 2003). However, a municipality or local governmental unit cannot be held liable under § 1983 solely because it employs a tortfeasor. *Monell*, 436 U.S. at 691. A plaintiff seeking to impose liability on a municipality or local governmental unit under § 1983 must identify municipal or county "policy" or "custom" that caused his or her injury. *Bd. of the Cnty. Comm'rs of Bryant Cnty. v. Brown,* 520 U.S. 397, 403 (1997).

ORDER
PAGE - 2

defendant.

(2) Plaintiff avers he was denied medication he needed. He may be alleging a violation of his Eight Amendment rights. However, to maintain an unconstitutional punishment claim based on medical treatment, "an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). A prison official may be deemed to have been deliberately indifferent to serious medical needs "when they deny, delay, or intentionally interfere with medical treatment." *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (sources and internal quotation marks omitted). A prison official may be held liable "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). A "defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need in order for deliberate indifference to be established." *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997). The defendant "must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Farmer*, 511 U.S. at 837). "A medical need is serious when the failure to treat it could result in significant injury or the unnecessary and wanton infliction of pain." *Mendiola-Martinez v. Arpaio*, 836 F.3d 1239 (9th Cir. 2016) (citing *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006)).

The indifference to medical needs must be substantial; a constitutional violation is not established by negligence or "an inadvertent failure to provide adequate medical care[.]" *Estelle*, 429 U.S. at 105-06; *Anthony v. Dowdle*, 853 F.2d 741, 743 (9th Cir. 1988). Nor does a

ORDER
PAGE - 3

difference of opinion between an inmate and medical authorities regarding proper medical treatment give rise to a § 1983 claim. *Franklin v. Oregon, State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981). *See also Estelle*, 529 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.") A mere delay of treatment, standing alone, does not suffice to state a claim of deliberate indifference; the inmate must show the delay led to further injury. *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (citing *Estelle*, 429 U.S. at 106). *Accord Hallett*, 296 F.3d at 745-46; *McGuckin*, 974 F.2d at 1059-60.

Plaintiff's proposed complaint does not set forth a claim rising to the level of an Eighth Amendment violation. If plaintiff cannot set forth facts supporting a claim of deliberate indifference to his serious medical needs, he may not proceed with a § 1983 claim based on medical treatment.

(3) Because of the deficiencies described above, the Court declines to serve the complaint or to direct that an answer be filed. However, plaintiff is granted leave to amend his complaint, if possible, to correct the identified deficiencies. Within **thirty (30) days** from the date of this Order, plaintiff may submit an amended complaint that corrects the deficiencies outlined above. The amended complaint must be filed under the same case number as this one, and will operate as a complete substitute for, rather than a mere supplement to, the present complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). If no amended complaint is timely filed, or if plaintiff files an amended complaint that fails to correct the deficiencies identified above, the Court may recommend that this matter be dismissed.

/ / /

/ / /

(4) The Clerk is directed to send to plaintiff a copy of this Order and a blank copy of a civil rights complaint form, and to send a copy of this Order to the Honorable James L. Robart.

DATED this 7th day of September, 2017.

Mary Alice Theiler
United States Magistrate Judge

ORDER
PAGE - 5